## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Kenneth Smith, | |
| Plaintiff, | Case No. 3:23-cv-50105 |
| v. | Honorable Iain D. Johnston |
| Gary Wigman et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Smith brings this action under section 1983 as well as state law, alleging that his rights were violated by police officers investigating a murder he says he did not commit. Before the Court is a motion to dismiss the federal claims[1] against police officer Richard Solarz and his employer at the time of the alleged constitutional violations, the City of Marengo. For the following reasons, the defendants' motion to dismiss is denied in part and granted in part.

## I. Background

On March 6, 2001, Raul Briseno was killed in the aftermath of an attempted robbery at the Burrito Express in McHenry, Illinois. Dkt. 113 ¶¶ 23-36. Eventually, the crime was pinned on Kenneth Smith and some of his friends—including Justin Houghtaling—who had been visiting another friend in McHenry. *Id.* ¶¶ 46, 109,

---

[1] "The Marengo defendants' motion to dismiss [] will be ruled upon as already fully briefed. But the Court will address solely the federal claims challenged in the motion." Dkt. 162.

121. Richard Solarz, a police officer for the city of Marengo, was involved in the investigation, including Houghtaling's initial interrogation. *Id.* ¶¶ 15, 54-56.

Smith was tried and convicted for the murder three times. *Id.* ¶ 153. On April 29, 2021, after being imprisoned for nearly 20 years, the Seventh Circuit granted Smith an unconditional writ of habeas corpus, holding that the evidence underpinning his convictions was not constitutionally sufficient. *Smith v. Brookhart*, 996 F.3d 402, 420 (7th Cir. 2021).

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b) challenges the sufficiency of the plaintiff's complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Rule 8 requires that a complaint contain "a short and plain statement of the *claim* showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). This statement need only alert the defendant "simply, concisely, and directly [of the] events" that the plaintiff says entitle him to relief. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014); *see also Vincent v. City Colls. of Chi.*, 485 F.3d 919, 924 (7th Cir. 2007) ("[O]nly the claim—which is to say, enough to alert the defendant to the nature of the grievance—need be pleaded.").

In *Twombly* and *Iqbal*, the Supreme Court clarified that Rule 8 requires that the statement of the claim must contain enough factual enhancement that the plaintiff's asserted entitlement to relief is rendered plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court accepts as true all the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## III. Analysis

Solarz' argument for dismissal centers on whether Smith's so-called "group pleading"—identifying the "Defendants," collectively, as being responsible for certain wrongs—adequately states a claim against *him*. *E.g.*, Dkt. 139 at 1-3. But Smith's claim can survive by relying only on the facts pleaded about Solarz in particular (with all reasonable inferences drawn in Smith's favor), obviating any need to look to allegations against the defendants collectively.

Smith's complaint supports his claim by propounding various theories of liability under 42 U.S.C. § 1983. Section 1983 provides a claim against any person who, under color of a state's "statute, ordinance, regulation, custom, or usage" deprives any person of a right secured by the federal Constitution. Liability must be based on each defendant's knowledge and actions, *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012), which may include either direct participation in the "offending act," acting or failing to act with reckless disregard of someone's constitutional rights when under a duty to safeguard them, or allowing an offending act to occur

with one's knowledge or consent. *Childress v. Walker*, 787 F.3d 433, 439-40 (7th Cir. 2015).

### Counts I and II: Due Process – Fabrication of Evidence and *Brady*

Counts I and II explicitly plead enough factual matter regarding the Houghtaling interview to render them plausible.

As to Count I, "[i]t is well-established that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of his liberty in some way." *Anderson v. City of Rockford*, 932 F.3d 494, 510 (7th Cir. 2019) (cleaned up).

Smith's complaint alleges that Solarz brought Houghtaling to the McHenry police station, where he was involved in his initial interrogation, along with other officers, Dkt. 113 ¶ 54; that Solarz participated in fabricating an account of the interview that was unfavorable to Smith because it falsely suggested Houghtaling had been less than forthcoming, and was thus suggestive of guilt, *id.* ¶¶ 56-57; and that this evidence was used in his prosecution and helped to secure his conviction, *id.* ¶¶ 172, 270. That is enough to give notice to the defendants of the nature of the claim.

So too with respect to the *Brady* count, which requires that a plaintiff establish (1) that undisclosed evidence was favorable, (2) that it was concealed by the defendant, and (3) that its nondisclosure was prejudicial (that is, it caused a deprivation of the plaintiff's liberty). *Gill v. City of Milwaukee*, 850 F.3d 335, 343 (7th Cir. 2017).

4

The necessary concomitant of Smith's allegations concerning the fabrication of the false and unfavorable account of Houghtaling's interview is the suppression of what Smith alleges was the true, more favorable account. Solarz' argument that this information could not give rise to a *Brady* violation because it was already known to the defendant is unavailing. The evidence at issue is not the underlying fact of Smith's whereabouts around the time of the murder—of which he was presumably aware—but the interview itself. There is nothing in the complaint that suggests, either explicitly or by implication, that Smith knew about that latter evidence, so the *Brady* count cannot be defeated on that basis. *See Avery v. City of Milwaukee*, 847 F.3d 433, 444 (7th Cir. 2017)

As to whether the suppression of this evidence prejudiced Smith, what Solarz describes as mere "boilerplate" allegations, Dkt. 139 at 3, suffice at this stage. A pleading is under no obligation to match facts to every legal element to adequately state a claim, *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), and at any rate it is reasonable to infer that the allegedly suppressed information was material and prejudicial from the facts alleged.[2]

**Count III—Deprivation of Liberty Without Probable Cause**

To establish a constitutional violation for malicious prosecution, a plaintiff must establish (1) that the defendant wrongfully initiated charges without probable

---

[2] Solarz also gestures at an argument that the information was cumulative, and thus that its nondisclosure was not prejudicial, but he does not sufficiently develop it, so it is forfeited. *See, e.g., Kyles v. J.K. Guardian Sec. Servs.*, 236 F.R.D. 400, 402 (N.D. Ill. 2006).

cause and (2) that an underlying criminal prosecution was terminated in his favor. *Thompson v. Clark*, 596 U.S. 36, 44 (2022).[3]

Smith has explicitly pleaded facts establishing favorable termination, as the complaint refers to the Seventh Circuit's grant of an unconditional habeas writ. Dkt. 113 ¶¶ 159-61; *see also Smith*, 996 F.3d at 420.

As to the first prong, Solarz argues that there is not enough factual matter to support the notion that he personally participated in the initiation of Smith's prosecution, or that he knew there was a lack of probable cause when it was so initiated. Dkt. 123 at 7-9. But given Solarz' participation in the initial investigation and interrogation of Houghtaling, it is reasonable to infer that he had the requisite personal involvement in initiating the prosecution, even if it is not explicitly alleged. And all the alleged gaps in the investigation, *e.g.*, Dkt. 113 at ¶ 55, allow for the reasonable inference that he knew there was no probable cause when the prosecution was initiated.

Thus, a claim under the Fourth Amendment, as described in *Thompson*, has been adequately pleaded. 596 U.S. at 39. Insofar as this claim is brought under the Fourteenth Amendment, however, binding circuit precedent forecloses such a claim, *Lewis v. City of Chicago*, 914 F.3d 472, 480 (7th Cir. 2019)—as Smith concedes, Dkt. 135 at 10—so it is dismissed to that extent.

---

[3] In *Thompson*, the court reserved the question of whether malice was required to establish this constitutional tort. 596 U.S. at 44 n.3. If it is in fact required, the facts Smith has averred would also support a reasonable inference of malice on Solarz' part.

6

**Counts IV and V—Failure to Intervene and Conspiracy to Deprive Constitutional Rights**

Count IV alleges a failure to intervene, which requires that a plaintiff show the defendant (1) knew of a constitutional violation and (2) had a realistic opportunity to prevent it. *Gill*, 850 F.3d at 342. Count V alleges a conspiracy under section 1983, which requires that a plaintiff show (1) an agreement to deprive him of his constitutional rights and (2) overt acts in furtherance of the conspiracy that so deprived him. *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015).

As with the above claims, Solarz' involvement in Houghtaling's initial interview is alone enough for these counts to survive. Smith has pleaded several underlying constitutional violations related to the interview; and because the interview was conducted with other police officers, Dkt. 113 at ¶¶ 54, 56, it is reasonable to infer that the constitutional violations were perpetrated under an agreement by those officers, and that any one of them, including Solarz, might have had a reasonable opportunity to stop them by disclosing what Smith says is the true account of the interview, thus preventing the fabrication, the *Brady* violation, and the initiation of criminal charges. These counts are therefore also adequately pleaded.

## IV. Conclusion

For the foregoing reasons, Marengo's motion to dismiss is denied, except with respect to the Fourteenth Amendment malicious prosecution claim brought under Count III.

7

Date: April 3, 2023

_____
Honorable Iain D. Johnston
United States District Judge